McKinney, J.,
delivered the opinion of the court.
The land sued for in this action was sold by virtue of a de - cree of the circuit court of Shelby, in a proceeding instituted in said court by Lucy Ann Harvey, as administratrix of the estate of her deceased husband, William Harvey, against the heirs at law, to subject the same to the payment of the debts of the estate, under the act of 1827.
The heirs, three of whom were minors, were named in the *485 petition, and prayed to be made parties defendant; but as to one of said minors there appears to have been no service of process. In the progress of the suit, a guardian ad litem was appointed by the court for said minors, who put in an answer on their behalf. At the January term, 1848, a sale of the land was ordered to be made by the clerk; in pursuance of which he proceeded to expose the same for sale on the 1st day of April, and the lessor of the plaintiff became the purchaser, at the price of $1020.
The clerk, in his report of the sale, states the fact, that the administratrix, Lucy Ann Harvey, sole plaintiff in the case, died in the interval between the time the decree, directing the sale was pronounced, and the day of sale. And at the term to which the report was returned, (May term, 1848,) the death of the plaintiff was suggested, and admitted to be true. Without reviving the suit, the court proceeded, at that term, to order that the account should be retaken; and this being done, at the following term, (September 1848,) a decree was made, directing the clerk to distribute the fund. And at the January term, 1849, a final decree was made, confirming the sale, divesting the title out of the defendants and vesting the same in the purchaser.
Without noticing other irregularities in the proceedings, the foregoing facts are sufficient to present the questions necessary to be determined.
And first. The sale so far as respects the interest of the infant, not served with process, is utterly void. He was no party to the proceeding, and of course his interest could not be affected by the decree. The court had no power to appoint a guardian ad litem for the infant, until after he had been regularly brought into court by the service of process. And were it otherwise, the guardian ad litem had no authority to waive the service of process, without which the infant was no party to the suit; nor could he, by putting in an answer for *486 the infant, bring him in or make him a party. However it might be in the case of a regular guardian, it is clear that the extent of the power and authority of a guardian ad litem, is merely to conduct the defence of the minor in the particular case in which such minor has been regularly made a party. 9 Humph. 129, 135; Dan. Ch. Pr.
But, secondly. No title vested in the lessor of the plaintiff, by his purchase, as to either of the defendants. Until the decree of confirmation, the sale was incomplete, subject to be set aside, and operated no divestiture of the title of the defendants. And as the death of the sole plaintiff in the suit, was an abatement, or suspension of all authority to proceed further, until a revivor of the suit, the subsequent proceedings and decree of confirmation, without such revivor, were irregular and void, and vested no title in the purchaser.
We do not undertake to decide that, in a case like the present, the sale itself would be void merely, on the ground, that it was made after the death of the plaintiff. She, in her character of personal representative, simply, had no title vested in her; the title was in the defendants, the heirs at law; and, had the suit been regularly revived, perhaps there would have been no valid objection to a confirmation of the sale — all other obstacles out the way.
Judgment affirmed.